UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNTED STATES OF AMERICA | § § |
| v. | § CRIMINAL NO. M-21-1115 § |
| ANDRES MORALES<br>ALEX GUAJARDO<br>also known as "Payo" | § § § § |

### AMENDED SUPERSEDING CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### COUNT ONE

#### Introduction

At all times material to Count One of this Superseding Criminal Information:

1. Company A is a business employing Person A.

2. Person B and Person C were elected officials for the Mission Consolidated Independent School District ("MCISD").

3. Person D, Person E, and Person F were elected officials for the City of Mission ("Mission").

4. Person G, Person H, and Person I were elected officials for the Agua Special Utility District ("Agua SUD").

5. Person J, Person K, and Person L were elected officials for the La Joya Independent School District ("LJISD").

6. Person M and Person N were elected officials for the City of Penitas ("Penitas").

7. Person O was a high ranking administrator for Agua SUD.

8. Person P was an LJISD employee.

9. Persons B through N were elected public officials sworn to faithfully execute the duties of their office and to preserve, protect, and defend the Constitution and laws of the United States and the State of Texas. Texas law mandates that their respective governmental boards contribute to the operation of their political subdivisions in a manner consistent with applicable laws and regulations.

10. Mission, MCISD, LJISD, Agua SUD, and Penitas each received over $10,000 in federal funding during each and every year relevant to this Superseding Criminal Information.

11. WhatsApp and iMessage are a communication platform that allows users to send messages to one another through an application that can be run on a cellular phone or computer.

## THE CONSPIRACY

12. Beginning by at least May 29, 2017 and continuing through at least until May 5, 2021, in the McAllen Division of the Southern District of Texas, defendant

### ANDRES MORALES

did knowingly combine, conspire, confederate, and agree with other persons known and unknown, to commit an offense against the United States, as follows:

(a) To corruptly gives, offer, or agree to give anything of value to any person, with intent to influence or reward an agent of a state or local government, or any agency thereof, in connection with any business, transaction, or series of transactions of such government, or agency involving anything of value of $5,000 or more in violation of Title 18, United States Code, Section 666(a)(2); and

(b) To knowingly and intentionally devise and intend to devise a scheme and artifice to defraud including the deprivation of the intangible right of honest services of other persons and in furtherance of the scheme and artifice to defraud, used and caused to be transmitted by means of wire communications in interstate or foreign commerce, any

writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice in violation of Title 18, United States Code, Sections 1343 and 1346.

## MANNER AND MEANS

13. The manner and means of the conspiracy included, but were not limited to, the following:

    A. It was a part of the conspiracy that **MORALES** would conspire with others to award kickbacks and bribes directly and indirectly to co-conspirators in exchange for official votes and motions in favor of contracts proposed by Company A.

    B. It was further part of the conspiracy that Person A would facilitate Company A's selection of subcontractors at the direction of **MORALES** or other co-conspirators. Several subcontractors would route bribe and kickback payments to **MORALES** and co-conspirators as a condition of their employment.

    C. It was a further part of the conspiracy, that **MORALES** did agree tacitly and implicitly, to deprive the taxpayers in Hidalgo County of the intangible right of honest services related to the contracting processes, in breach of the oath of office taken by Persons A through N and Texas criminal law relating to gifts to public servants, bribery, and procedures for governmental contracting.

    D. It was a further part of the conspiracy that **MORALES** and co-conspirators used facilities in interstate commerce to promote the bribery scheme.

    E. It was a further part of the conspiracy that co-conspirators would grant benefits or compensation intended to influence Persons B through L to make official motions, recommendations, or votes in board meetings of Mission, Agua SUD, MCISD, and LJISD, to award energy savings contracts to Company A.

## OVERT ACTS

14. In furtherance of the conspiracy and in order to accomplish its objectives, the following overt acts, were committed in the McAllen Division of the Southern District of Texas and elsewhere:

15. On or about May 29, 2017, **MORALES** discussed a scheme for LJISD to award an energy savings contracts ~~energy savings~~ to Company A with co-conspirators who also discussed the scheme with Person A.

16. During the relevant period, co-conspirators supported, recommended, and/or attempted to grant Persons B, C, D, E, G, H, and I appointments, employment, promotions, and/or stipends from governmental entities in Hidalgo County, Texas which were intended to influence said individual's official votes and recommendations in favor of contracts to be proposed by Company A at Mission, MCISD, Agua SUD, or LJISD.

17. During the relevant period, **MORALES** facilitated Company A's selection of sub-contractors recommended by Persons J through L via Person A in connection with the LJISD contract awarded to Company A.

18. During the relevant period, Persons M through O were issued compensation from the scheme by **MORALES** in exchange for supporting, recommending, and assisting Company A.

19. During the relevant period, Persons B through Person L each made an official motion, recommendation, or cast an official vote in support of recommending a contract or agreement with Company A at either an MCISD, Mission, LJISD, or Agua SUD Board meeting. As a result of said votes, contracts valued over $5,000.00 were awarded to Company A by Mission, Agua SUD, and LJISD. Official votes cast at MCISD by Person B and Person C supported the awarding of a contract to Company A but were insufficient to award said contract.

20. During the relevant period, **MORALES** communicated with co-conspirators by telephone and iMessage regarding contracts awarded or to be awarded to Company A, associated subcontracts, and explained to co-conspirators regarding the process to make official motions and votes related to Company A contracts and proposals.

21. By at least October 6, 2020, **MORALES** and other co-conspirators, began communications in multiple WhatsApp conversation threads including two dubbed "the 3 Wizards" and "Chapo Enterprises" to discuss various topics including discussing methods to further the underlying bribery and kickback scheme involving Company A and local governmental bodies in Hidalgo County.

22. During the relevant period, **MORALES** or his business entity, RGV Redlight, received at least $1,113,662.71 as proceeds from the kickback and bribery scheme. At least $373,752.00 of said proceeds were distributed to co-conspirators, including Persons M through O, as bribes and kickback payments through **MORALES** or RGV Redlight. **MORALES** also directed the distribution of bribe and kickback payments to co-conspirators serving as public officials through other individuals and business entities.

23. All in violation of Title 18, United States Code Section 371.

## COUNT TWO

On or about January 30, 2017, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

### ANDRES MORALES

knowingly made a false statement and representation with respect to information required to be kept in the records of Glick Twins, in McAllen, Texas, a federally licensed firearms dealer, in connection with the acquisition of a CMMG U-140, Model AR-1, 7.62x39mm caliber rifle in that the defendant falsely represented on the Bureau of Alcohol, Tobacco, and Firearms Form 4473,

that he had not been convicted of a felony, when in truth and fact the defendant knew that the statement and representation was false and that he had been previously convicted of a felony.

In violation of Title 18, United States Code, Sections 924(a)(1)(A).

### COUNT THREE

On or about March 30, 2020, in the Southern District of Texas, the Defendant

**ALEX ~~ALEJANDRO~~ GUAJARDO**
**also known as "Payo"**

knowingly and willfully did use and cause to be used a facility in interstate and foreign commerce namely an e-mail account, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely money laundering and bribery, contrary to Title 18, United States Code, Section 1956, and Texas Penal Code § 36.02, respectively, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of the above unlawful activity.

In violation of Title 18, United States Code, Section 1952(a)(3).

### NOTICE OF FORFEITURE

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code Section 981(a)(1)(C), the United States gives notice to defendants,

**ANDRES MORALES**
**and**
**ALEX GUAJARDO**
**also known as "Payo"**

that in the event of conviction of Count One or Count Three of this Superseding Criminal Information, the United States intends to seek forfeiture of all property, real or personal, constituting, or derived from, any proceeds the person obtained directly or indirectly, as a result of such violation.

The property subject to forfeiture for Count One of this Superseding Criminal Information includes, but is not limited to, the following property: at least $739,910.71 in United States currency.

The property subject to forfeiture for Count Three of this Superseding Criminal Information includes, but is not limited to, the following property: at least $203,000.00 in United States currency.

## Money Judgment

Defendants are notified that upon conviction, a monetary judgment may be imposed equal to the total value of the property subject to forfeiture.

## Substitute Assets

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of defendants,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

_____
ASSISTANT UNITED STATES ATTORNEY

7